ON PETITION FOR REHEARING
WIGGINTON, Acting Chief Judge.
By their petition for rehearing appellees have asked this court to delete from its opinion filed herein the sentence therein contained which reads as follows:
“By our opinion we held that appellees had overreached appellant and exacted of her an unconscionable bargain by the manner in which they computed appellant’s interest in the litigation they were then purchasing from her.”
In support of this request appellees point out that in the equity case brought by appellant against appellees, the chancellor specifically found that appellees’ purchase of appellant’s interest in the litigation they were then handling for her was not tainted by fraud or other misconduct as claimed by appellant in her complaint. This finding of the chancellor was affirmed by this court on the original appeal of this case. We adhere to that finding and conclusion, and by our last opinion herein have not intended to deviate from that position.
The sentence of our opinion which now seems to disturb appellees relates solely to the manner in which they computed appel *758 lant’s interest in the litigation in arriving at the amount they paid her. It was this phase of the case which we found on the original appeal to have constituted an overreaching on the part of appellees resulting in an unconscionable bargain in their favor and against the interest of their client. This has nothing to do with fraud surrounding the agreement to purchase, but deals only with the means employed by appellees in arriving at the amount they were willing to pay appellant. We meant what we said in our original opinion and are unwilling to recede from it in response to the present request of appellees. This is the very basis of our reversal of the chancellor’s decree on the original appeal, and had we reached a contrary conclusion the decree at that time would have been affirmed.
The petition for rehearing is accordingly denied.
JOHNSON and SPECTOR, JJ., concur.